UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH MICHAEL DEVON ENGEL and SEAN RASMEY, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 4:20-cv-01945-SEP |
| ERDCC and MODOC, | ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the request of Plaintiff Joseph Michael Devon Engel, prison registration number 1069055, for leave to commence this civil action without prepayment of the filing fee.[1]  Plaintiff's request will be denied, and this case will be dismissed without prejudice to the filing of a fully-paid complaint.

As an initial matter, Plaintiff Engel seeks to bring his complaint on behalf of himself and Sean Rasmey, a fellow prisoner at Eastern Reception, Diagnostic and Correctional Center ("ERDCC").  Standing is a jurisdictional requirement that can be raised by the court *sua sponte* at any time during litigation.  *Delorme v. United States*, 354 F.3d 810, 815 (8th Cir. 2004).  In general, to satisfy the standing requirement, a plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975).  Moreover, a non-attorney pro se litigant may not represent someone else in federal court.  *See* 28 U.S.C. § 1654 (stating that in all United States courts, "the parties may plead and conduct their own cases personally or by counsel"); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) (stating that "because pro se means to appear for one's self, a person may not appear on another's behalf in the other's cause . . . .  A person must be litigating an interest personal to him . . . ."); and *Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (stating that a person who is not licensed to practice law may not represent another individual in federal court).  Because Plaintiff Engel lacks standing to bring

---

[1] In the body of the complaint, Plaintiff states he seeks leave to proceed *in forma pauperis*.

claims on behalf of Plaintiff Rasmey, and because Plaintiff Engel is a non-attorney pro se litigant, he cannot represent others.  Accordingly, the Court will dismiss Plaintiff Rasmey from this case.[2]

Plaintiff Engel is a prisoner who, while incarcerated, has filed at least three civil actions that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.[3]  The Prison Litigation Reform Act of 1996 provides, in relevant part:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Therefore, Plaintiff may proceed *in forma pauperis* in this action only if he "is under imminent danger of serious physical injury."  *Id.*; *see also Coleman v. Tollefson*, 575 U.S. 532 (2015) ("A prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal.").

In the complaint, Plaintiff alleges:  "This is in regards to on 11-16-20 7 HU ERDCC 3 pm me and my religious brother Sean Rasmey the State of Missouri and ERDCC keep denying us our religious [material] and our religious diet pretty much shitting on our religious Astru/Odinism/Catholicism we are [Sovereign] Citiz[e]ns."  Doc. [1] at 1.  Plaintiff further avers

---

[2] To the extent Plaintiff Engel seeks to bring claims on behalf of his "Astru/Odinism/Catholicism Brothers" Chuck Ramsey, Jimmy Cagle, Robert Ruch, Richerd Conner, Bronson Vesterl, and Christphor Jones, who are mentioned in the body of the complaint but not in its caption, the Court will dismiss these plaintiffs from the case for the same reason.  Further, the Court notes that purported plaintiffs Rasmey, Ramsey, Cagle, Ruch, Conner, Vesterl, and Jones have not signed the complaint, which violates Federal Rule 11(a).  *See* Fed. R. Civ. P. 11(a) ("Every pleading . . . must be signed by . . . a party personally if the party is unrepresented.").

[3] On September 9, 2020, Plaintiff began filing civil actions *in forma pauperis* in this Court.  As of December 31, 2020, at least three of those civil actions were dismissed for one of the reasons enumerated in 28 U.S.C. § 1915(e).  *See Engel v. Governor of Missouri, et al.,* No. 1:20-cv-217 HEA (E.D. Mo. Dec. 15, 2020); *Engel v. United States of America, et al.*, No. 4:20-cv-1742 MTS (E.D. Mo. Dec. 18, 2020); *Engel v. Missouri Courts, et al.,* No. 4:20-cv-1258 SPM (E.D. Mo. Dec. 21, 2020).  To date, the number of civil actions Plaintiff has initiated in this Court totals over 130, and the complaints that have been reviewed pursuant to 28 U.S.C. § 1915(e) have been dismissed for one of the reasons enumerated therein and/or because Plaintiff failed to comply with court orders.  In *Engel v. Missouri Courts, et al.,* No. 4:20-cv-1258-SPM (E.D. Mo. Dec. 21, 2020), the Court cautioned Plaintiff to avoid the practice of repeatedly filing frivolous and malicious complaints.

he is a sovereign citizen of Alaska.  As relief, he seeks "150 Trillion Dollars plus 3,000,000 stocks in USA, Fr[e]nch, China, Japan, Russia, Germ[a]ny plus 400 million to the Biker Assistion [sic], 400 million to Aryan Circle."  *Id.*  Plaintiff's allegations do not establish that he is under imminent danger of serious physical injury.  As a result, he may not proceed *in forma pauperis* in this action.  The Court will therefore deny his request and dismiss this case without prejudice to the filing of a fully-paid complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Sean Rasmey is **DISMISSED without prejudice** from this action.

**IT IS FURTHER ORDERED** that Plaintiff Joseph Michael Devon Engel may not proceed *in forma pauperis* in this action.

**IT IS FINALLY ORDERED** that this case is **DISMISSED without prejudice** to the filing of a fully-paid complaint.  A separate order of dismissal will be entered herewith.

Dated this 26th day of January, 2021.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE